**Vartan ARUTYUNYAN; Djulietta Arutyunyan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71590.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Vartan Arutyunyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief

---

tion and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

* The clerk is directed to correct the docket to reflect the correct agency number.

Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM ***

Vartan Arutyunyan and Djulietta Arutyunyan, husband and wife and natives and citizens of Armenia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's order denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we grant the petition for review.

Upon review of the record, we conclude that the agency's adverse credibility determination is not supported by substantial evidence. The agency's alternative finding that the mistreatment experienced by Vartan did not rise to the level of persecution is also not supported by substantial evidence. Vartan testified that he was detained for three days, and beaten to the point of unconsciousness. *See Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000).

We deem petitioners credible, *see Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004), and further conclude that they

*** This disposition is not appropriate for publication and may not be cited to or by the

have established persecution based on their stated political beliefs. We therefore remand for a determination of whether evidence of changed country conditions rebuts, on an individualized basis, the presumption that petitioners have established a well-founded fear of future persecution. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

